**Robert J. FITCH**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA.**

**Civil Action No. 08–1029.**

United States District Court, W.D. Louisiana, Shreveport Division.

Aug. 26, 2008.

David A Szwak, Bodenheimer Jones & Szwak, Shreveport, LA, for Robert J. Fitch.

Christopher Glenn Morris, Baker Donelson et al, Baton Rouge, LA, for Life Insurance Company of North America.

## MEMORANDUM ORDER

TOM STAGG, District Judge.

Before the court is a motion to remand filed by the plaintiff, Robert Fitch ("Fitch"). *See* Record Document 3. Based on the following, Fitch's motion to remand is **DENIED.**

### I. BACKGROUND

Fitch was employed by Exide Technologies ("Exide") for a number of years. Fitch alleges that he applied for and acquired long-term disability insurance from Life Insurance Company of North America ("LINA")[1] under policy number LK–960507 and that weekly premiums for the policy were deducted from his paycheck. *See* Record Document 1. Fitch was later deemed disabled and sought benefits under the policy. *See id.*

LINA removed the suit to federal court based on federal question jurisdiction, contending that the matter involves a claim for benefits under an employee welfare benefit plan which was established pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Fitch then filed the instant motion to remand, arguing that his claims are not completely preempted by ERISA.

### II. LAW AND ANALYSIS

#### A. ERISA Preemption.

There are two kinds of preemption—complete and conflict—that may be effected by ERISA. Removal of a state court action is permitted only when the plaintiff's claim is subject to *complete* preemption, which occurs only when the claim falls within the scope of Section 502(a)(1)(B) of ERISA, 29 U.S.C.

1. The policy provided to the court was issued and underwritten by Connecticut General Life Insurance Company. *See* Record Document 10, Ex. 2. However, solely for present purposes, LINA has responded as if it issued the policy.

§ 1132(a)(1)(B). That statute provides that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Conflict preemption, effected by section 1144(a), provides a defense to a state court action but does not make the case removable. Section 1144(a) provides that ERISA "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."

## B. Application Of ERISA To Fitch's Claims.

Fitch contends that his claim is not one falling under ERISA as ERISA was mentioned nowhere in his complaint and that his "breach of insurance contract claims, under basic contract law of Louisiana, do not fit within the ERISA scheme, fall outside of any area completely preempted by ERISA, and are not removable to this Honorable Court." Record Document 3 at 8. Fitch further argues that the "subject insurance is not a 'plan' and other ERISA tests do not permit application of ERISA to this policy." *Id.*

As previously mentioned, ERISA addresses a claim by a participant or beneficiary "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). A beneficiary is a "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). ERISA defines an employee welfare benefit plan as follows:

> ... any plan, fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or

otherwise, (A) ... disability ... benefits ...

29 U.S.C. § 1002(1).

The policy to which Fitch refers to in his complaint is a group policy issued to Exide as the named policyholder. *See* Record Document 12, Ex. 2. Among other coverage, the policy insures Exide's "active, Full-time union hourly Employees located in Shreveport regularly working a minimum of 30 hours per week" in the event of a disability. *See id.,* Ex. 2 at 1. A declaration provided by LINA made by Kellie Downey, a Senior Operations Representative for LINA, states that "Exide was responsible for paying 50% of the Policy premiums, whereas eligible Exide employees were responsible for paying the remaining 50%." Record Document 12, Ex. 3.

The policy and documents attached thereto clearly show that an employer-sponsored plan existed, that the intended benefits were long-term disability benefits, that the intended class of beneficiaries was the eligible employees of Exide, that the source of financing was contributions made by the employer and employees, and that the procedures for submitting claims are included in the plan documents. *See id.,* Ex. 2. Exide has illustrated that the plan at issue is clearly governed by ERISA and meets any of the tests used by the Fifth Circuit to determine if a plan is governed by ERISA. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236 (5th Cir.1990).

Section 502(a) of ERISA completely preempts claims brought by a participant or beneficiary under an ERISA plan. All of these requirements have been satisfied. Therefore, after a thorough review of the motion and opposition thereto, the court finds that Fitch's claims are completely

preempted by ERISA. Accordingly, his motion to remand (Record Document 3) is hereby **DENIED.**